**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                              )
PRUDENCE MANCHO,              )
                              )
            Petitioner,       )
                              )
        v.                    )     Civil Action No. 04-450 (EGS)
                              )
MICHAEL CHERTOFF,[1]          )
Secretary of the Department   )
of Homeland Security, *et al.*, )
                              )
            Respondents.      )
_____ )

### MEMORANDUM OPINION AND ORDER

        Pending before the Court is Petitioner Prudence Mancho's

petition for attorney's fees under the Equal Access to Justice

Act ("EAJA").  After careful consideration of the petition,

response and reply thereto, applicable law, and the entire

record, the Court **denies** the petition because the Court lacks

subject matter jurisdiction over the underlying case.

### I.    BACKGROUND

        On March 18, 2004, petitioner filed a petition for writ of

habeas corpus in this Court.  She requested declaratory and

injunctive relief as well as a stay of the final order of removal

imposed by a Maryland immigration law judge.  Specifically,

petitioner wanted this Court to issue an injunction prohibiting

_____

        [1] Michael Chertoff, Secretary of the Department of Homeland
Security, and Alberto Gonzales, United States Attorney General,
have been automatically substituted for their predecessors
pursuant to Federal Rule of Civil Procedure 25(d)(1).

deportation until her Convention Against Torture ("CAT") and Battered Immigrant Women's Protection Act ("BIWPA") claims were considered and decided by an immigration court.[2]

During the course of the litigation on petitioner's habeas petition in this Court, petitioner was granted deferred action for fifteen months, which delayed the execution of her final removal order. *See Velasco-Gutierrez v. Crossland*, 732 F.2d 792, 794 (10th Cir. 1984) (describing deferred action as a "'reprieve' from deportation -- an administrative decision . . . to take no action against an otherwise deportable alien"). The government also expressed a willingness to extend its grant of deferred action as long as petitioner met certain conditions.

In October 2005, the government filed a motion to transfer this case to the Fourth Circuit pursuant to the REAL ID Act. The Court denied this motion to transfer on the grounds that the controversy was moot. The Court explained that the petitioner had "received the relief she initially requested in her habeas petition," and noted that "transfer to another forum would be absurd and a waste of precious judicial resources." Order (Feb. 23, 2006). The Court then dismissed the case with prejudice.

---

[2] Petitioner had already raised these claims in front of the Board of Immigration Appeals ("BIA") and the Fourth Circuit, but neither forum addressed her claims on the merits.

On May 24, 2006, petitioner filed the pending motion seeking attorney's fees under the EAJA.  The government opposes this motion.

## II.  DISCUSSION

Petitioner requests an award of attorney's fees to attorney Morton Sklar and the World Organization for Human Rights USA pursuant to the EAJA.  In order for this Court to decide petitioner's EAJA claim, the Court must have jurisdiction over the underlying action that gave rise to the claim.  *See, e.g., Advanced Mgmt. Tech., Inc. v. FAA*, 211 F.3d 633, 637 (D.C. Cir. 2000) (explaining that the EAJA allows recovery of costs to prevailing parties only if the court had "proper subject matter jurisdiction for the *underlying* action").  As discussed below, the Court finds that it lacks jurisdiction over the underlying habeas petition and therefore must dismiss petitioner's claim for attorney's fees.

After petitioner filed her habeas petition, Congress passed the REAL ID Act.  The REAL ID Act, which was signed into law on May 11, 2005, governs "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States."  8 U.S.C. § 1252(b)(9).  The law divested district courts of jurisdiction in cases "arising from" the removal orders

3

of aliens, *see* 8 U.S.C. §§ 1252(a)(5), (b)(9), and required district courts to transfer any case or part of any case challenging an order of removal and pending on the date of the Act's enactment to the court of appeals for the circuit in which the petition had been filed.  *See* Pub. L. No. 109-13, § 106(c)*; see also Sandhvani v. Chertoff*, 460 F. Supp. 2d 114, 120-21 (D.D.C. 2006) ("[T]he REAL ID Act funnels review of the final decisions of the BIA to the regional courts of appeals and explicitly divest districts courts of jurisdiction to review not just final orders of removal themselves, but also ancillary claims arising from the Executive Branch's decisions to seek removal and to execute a removal order.").  District courts, however, retain jurisdiction over matters independent of challenges to removal orders.  *See* Pub. L. No. 109-13, § 106; 8 U.S.C. § 1252.

The Court finds that petitioner's habeas petition in this case "arose from" her order of removal, thereby divesting this Court of jurisdiction.  Petitioner filed her BIWPA claim with the government after receiving an order of removal and as a means by which to seek relief from her order of removal.  A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act.  *See Formusoh v. Gonzales*, 2007 U.S. Dist. LEXIS 10977 (N.D. Tex. Feb. 5, 2007), *accepted by*, 2007 U.S. Dist. LEXIS 10978

(N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 alien spouse petition and an I-485 adjustment of status petition); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner a temporary restraining order and preliminary injunction barring deportation prior to the resolution of his claims pending before an immigration judge).  Absent a statute or controlling legal authority that creates an exception to the REAL ID Act, this Court lacks jurisdiction over petitioner's underlying request for relief.  *See Formusoh*, 2007 U.S. Dist. LEXIS 10977, at *4-*5.  Accordingly, this Court cannot grant any attorney's fees in this case.

## III. CONCLUSION

For the foregoing reasons, it is by the Court hereby **ORDERED** that petitioner's Petition for Attorney's Fees Under the Equal Access to Justice Act is **DENIED**.

**SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **March 27, 2007**